## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

LORRAINE FRANCIS,
individually, and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                                                Case No.:

PARTSBASE, INC. and
ROBERT A. HAMMOND

    Defendants.
_____.

## PLAINTIFF'S FLSA COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LORRAINE FRANCIS, individually, and on behalf of all others similarly situated, who consent to their inclusion in this collective action, bring this lawsuit pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), against PARTSBASE, INC., ("Partsbase") and ROBERT A. HAMMOND ("Hammond" and collectively with Partsbase, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* for failure to pay overtime compensation and a premium for all hours worked over forty (40) each week.

## INTRODUCTION

1.    The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and

overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) and 207(a). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. §213.

2. Plaintiff LORRAINE FRANCIS ("FRANCIS") worked for Defendants from July 2017 through July 2019. Francis worked from Defendants' corporate office in Boca Raton, Florida as an inside sales representative under the job title of "Sales Representative".

3. Defendants maintained a scheme to avoid their obligations to pay overtime wages to its inside sales representatives in order to save millions of dollars in labor costs and maximize profits to the detriment of its employees.

4. Defendants shaved and/or edited Francis' overtime hours from her time clock, and edited the overtime hours of other inside sales representatives. Defendants permitted Francis and other inside sales representatives to suffer to work 'off the clock'.

5. Plaintiff, like their fellow inside sales representatives, and who are members of this putative Class, worked at Defendants' corporate office in Boca Raton, Florida and were led to believe they were being paid with a combination of a base hourly rate plus commission. Defendants classified Plaintiffs and other inside sales representatives as non-exempt, hourly paid employees under the FLSA.

6. Plaintiff, like her fellow inside sales representatives in the past three (3) years preceding the filing of this complaint, and still to this day, were systematically denied any overtime pay for hours worked in excess of forty (40) during any given workweek.

7. Defendants maintained a common unlawful pay practice applicable to all inside sales representatives – by shaving or editing off work hours over forty (40) in each workweek and precluding the Plaintiff and all other inside sales representatives from being able to report and log hours worked outside of the office.

8. Defendants maintained an unlawful policy requiring employees to log off at the end of the shift to avoid incurring overtime wages, while continuing to stress and encourage inside sales representatives to continue to work 'off the clock' in order to make sales and meet sales goals, quotas and metrics.

9. Accordingly, Plaintiff, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sues Defendants for violations of the Fair Labor Standards Act for: (1) failing to pay Plaintiff and other similarly situated overtime compensation; and (2) failing to maintain and preserve accurate and true records of all hours worked.

## FLSA CLASS DEFINITION AND RELIEF SOUGHT

10. This collective action is to recover from Defendants overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and all similarly situated persons composed of:

> All persons employed by or performing work for PARTSBASE, INC. as inside sales representatives selling new and/or renewal business, under various job titles including but not limited to Defense Analyst, Business Development Representative, Account Executive, Account Manager, Renewal Manager and any other job titles previously or currently used to describe persons working as inside sales representatives at any time within the three (3) years preceding this lawsuit to the day of trial.[1]

---

[1] In addition to the title of Inside Sales Representative, persons working in similar positions used the following job titles: Client Relations Specialist, International New Business Sales Executive, Business Development Manager, Senior Defense Analyst, Defense Analyst, International Business Development, Executive Account Manager, Senior International Business Development Manager, New Business Account Manager, Inside Sales Executive, Account Executive, and Senior Sales Executive.

## JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, since this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., §§201-219, inclusive.

14. This Court has personal jurisdiction over this action because the Defendants is engaged in business within the State of Florida.

15. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) since the acts complained of herein took place in this District, this is the home District where Defendants' corporate offices are located, and where the unlawful policies and practices complained of herein were created, carried out, and enforced.

16. Upon information and belief, Defendants had revenues of $500,000.00 or more in the previous three (3) years and employed ten (10) or more employees.

17. Plaintiffs were engaged in interstate commerce, selling tangible goods across state lines, and having telephone and internet communications across state lines as well as processing orders and collecting payments and credit card charges across state lines.

18. At all relevant times, Defendants have been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§206(a) and 207(a).

19. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. The state law claims are so related to the FLSA claims and also arise out of the same common nucleus of operative facts such that they form part of the same case or controversy.

## THE PARTIES

.

20. At all times relevant to this action, Representative Plaintiff LORRAINE FRANCIS resided in Florida and worked as an inside sales representative for Defendants, including working under the title of "Defense Analyst."

21. Most, if not all, inside sales representatives work from Defendants' corporate office located at 5401 Broken Sound Boulevard NW, Boca Raton, Florida 33487.

22. Defendant PARTSBASE, INC. is a foreign, for profit corporation with corporate offices located at 5401 Broken Sound Boulevard NW, Boca Raton, Florida 33487. Defendants may be served through its registered agent, ROBERT A. HAMMOND at the same corporate office.

23. Defendant Robert A. Hammond is the Chief Executive Officer of Defendant Partsbase and upon information and belief created, implemented, and executed Defendants' overtime policy.

24. Defendants are the employer of Plaintiffs and all inside sales representatives, as it controls and directs the work of inside sales representatives.

25. The instant action applies to all inside sales representatives working for Partsbase Inc., and the fictitiously named Govgistics who sold new and renewal business.

26. Plaintiff Francis previously filed her overtime claims against Defendants in the matter of Martin et. al., v. Partsbase Inc. et. al., Southern District of Florida Case No. 9:20-cv-80235-DLB, [D.E. 77-1, July 10, 2020].

**GENERAL FACTUAL ALLEGATIONS**

27. When hired, Defendants provided Plaintiff with an offer letter which outlined her compensation as: "Your base compensation will be $800.00 per pay period, paid weekly, which is equivalent to $20.00 per hour based on a 40- hour work week."

28. All inside sales representatives were provided similar offer letters.

29. As per the offer letters, the base wage was intended to cover and pay for forty (40) hours of work. When Plaintiff and other inside sales representatives worked less than forty (40) hours, their weekly wages were reduced accordingly.

30. Plaintiff and inside sales representatives were also eligible for non-discretionary commissions.

31. For purposes of this collective action, Plaintiff Francis hereby gives her written consent to be a party to this action pursuant to 29 U.S.C. §216(b).

32. At all times relevant to this action, Defendants employed Plaintiff and all other inside sales representatives of this proposed FLSA collective action within the meaning of 29 U.S.C. §203(g).

33. Defendants maintained a policy and practice for some period during the preceding three (3) years of shaving and editing overtime hours, and/or commanding inside sales representatives to shave or edit off overtime hours worked and thus, not paying overtime wages.

34. During the same time period, and through the present, Defendants maintained a policy of permitting inside sales representatives, including Plaintiff, to suffer to work off the clock and without being paid a premium for all hours worked over forty (40) in each and every work week.

35. Defendants precluded inside sales representatives from making claims for overtime wages by threatening, warning and intimidating inside sales representatives by telling them that any attempts to claim overtime would subject the employees to discipline.

36. Defendants advised Plaintiff and other inside sales representatives that the company policy was that they would not pay a premium for overtime hours worked, and that such work is "on their own dime."

37. Simultaneously, Defendants pressured, coerced, and suggested that inside sales representatives should work off the clock "on their own dime" in order to meet sales goals, quotas and metrics. Failure to meet these metrics and quotas would result in discipline and/or termination.

38. Defendants and their managers knew that Plaintiff and inside sales representatives regularly worked off the clock and beyond their scheduled forty (40) hour workweek.

39. Inside sales representatives regularly commenced work prior to the scheduled shift, during their lunch breaks and after their scheduled shift times.

40. When Plaintiff's time clock showed more than forty (40) hours, she was required and instructed remove the overtime hours by shaving and editing her time to time.

41. Defendants accepted, permitted and encouraged employees to work additional hours without paying Plaintiff and inside sales representatives overtime compensation for all overtime hours.

42. Defendants cultivated a culture of fear, coercion and intimidation against inside sales representatives. Defendants precluded inside sales representatives from complaining about the manner in which they were compensated and prevented inside sales representatives from questioning or complaining about not being overtime.

43. Defendants' discouraged Plaintiff and other inside sales representatives from complaining about or challenging Defendants' pay practices under threat of termination or adverse employment action.

44. All inside sales representatives were paid pursuant to similar compensation plans.

45. Defendants willfully denied overtime compensation to Plaintiff and members of the putative class by employing a de facto policy against logging any hours over forty (40) in any workweek.

46. Defendants have willfully violated and continue to violate §207 of the FLSA by failing to pay Plaintiff and other similarly situated overtime compensation for all hours worked in excess of forty (40) per week.

47. Upon information and belief, for the three (3) year period before this filing, (the "Class Period"), Defendants continued to violate the overtime requirements of the FLSA.

48. The FLSA provides that employers must pay employees overtime of at least one and one-half (1.5) times their regular rate of pay for any hours over forty (40) in a week.

49. Although the FLSA provides for certain exemptions to overtime wages, no exemption applies in the instant matter. At all times material hereto, the Defendants have treated Plaintiff and all inside sales representatives as hourly, non-exempt employees.

50. Plaintiff and all inside sales representatives herein are entitled to be paid time and one half (1.5) their regular rates of pay, including the value of commissions earned, for all hours worked over forty (40) in each and every workweek.

51. Plaintiffs and members of the putative class were, and continue to be, required to work more than forty (40) hours a week during the course of their employment with Defendants.

52. Throughout Plaintiff's employment, she found it necessary to perform work outside the office, from home, and during evenings and weekends. Work Plaintiff conducted outside the office included reading and sending emails, handling presentations, receiving or making telephone calls, and other research. Defendants did not provide a means to record hours worked outside the office.

53. Defendants were aware that Plaintiff and other inside sales representatives were performing work outside of the office. Defendants permitted, endorsed, and encouraged Plaintiff and other inside sales representatives to work outside office hours but failed and refused to pay for these hours.

54. Plaintiff herein alleges individually and on behalf of the members of the putative class that Defendants' failure to pay overtime compensation was and is a knowing and willful violation of the overtime wage requirements of the FLSA.

55. Plaintiff herein alleges individually and on behalf of the members of the putative class that Defendants maintained a scheme to evade and avoid their FLSA overtime wage obligations.

56. Accordingly, Plaintiff and the putative class of similarly situated inside sales representatives are entitled to recover overtime pay due from overtime hours worked for which overtime compensation was not paid in addition to an equal sum in liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

**FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED**

57. Pursuant to law and regulation, all employers must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

58. Defendants are thus required to maintain evidence reflecting the precise number of overtime hours worked by Plaintiff and members of the putative class.

59. To the extent records are unavailable, Plaintiffs and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

60. With respect to an employee subject to the FLSA provisions, the following records must be kept:

    a. Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

  b. Hour and day when workweek begins;

  c. Regular hourly pay rate for any week when overtime is worked;

  d. Total hours worked each workday and each workweek;

  e. Total daily or weekly straight-time earnings;

  f. Total overtime pay for the workweek;

  g. Deductions from or additions to wages;

  h. Total wages paid each pay period; and

  i. Date of payment and pay period covered

61. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist.  *See,* 29 U.S.C. §215(a)(5); *See also,* Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

62. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the FLSA.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked.  *See* Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

63. An employer's failure to maintain records may create a presumption in the aggrieved employee's favor.  *See* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

64. Defendants have failed to accurately record, track and report the Plaintiffs' and Class of similarly situated members' time and work hours as required under the FLSA.

65. Defendants have failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

## COLLECTIVE ACTION ALLEGATIONS

66. Plaintiff brings this action individually and on behalf of all others similarly situated employees who worked as inside sales representatives, as a collective action pursuant to the Fair Labor Standards Act.  29 USC §216(b).

67. In Young v. Cooper Cameron Corp., the court stated that: "The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action and thus no showing of numerosity, typicality, commonality and representativeness need be made." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

68. Still, despite the Young court's ruling, the members of the Class are so numerous that joinder of all members is impracticable and in the interests of justice, as well as in keeping with the legislature's intent in creating Collective Actions under Section 216(b), proceeding as a collective action is proper in this case.  While the exact number of the members of the putative Class is unknown to the Plaintiffs at this time and can only be ascertained through appropriate discovery, upon information and belief, Plaintiffs believe there are 200 or more individuals in the defined class within the three (3) year relevant class period.

69. Plaintiffs will fairly and adequately protect the interests of the putative Class of similarly situated inside sales representatives, and have retained counsel that is experienced and competent in class/collective actions and employment litigation.  Plaintiffs have no interest that is contrary to, or in conflict with, members of the putative Class.

70. A collective action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of this lawsuit.  The damages suffered by individual members

of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

71. A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries and Defendants will retain the proceeds from its violations of the FLSA.

72. Furthermore, even if any member of the Class could afford individual litigation against the Defendants, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

73. Upon information and belief, all inside sales representatives were trained on an ad hoc basis, including Plaintiffs, without any formalized and structured training program.

74. Plaintiffs and all inside sales representatives were not put through any structured or instructor taught formal or classroom type corporate training program.

75. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among common questions of law and fact are:

    a. Whether Defendants employed members of the Class within the meaning of the applicable provisions of the FLSA;

  b. Whether Plaintiffs and members of the Class were expected, permitted, and encouraged to regularly work hours in excess of forty (40) per week off the clock and without being paid a premium for all hours worked;

  c. Whether Defendants either unlawfully edited/shaved overtime hours from inside sales employees' time records, or required and instructed employees to shave, edit and remove overtime hours from their own weekly time records;

  d. Whether Defendants knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by Plaintiffs and the Class;

  e. Whether Plaintiffs and the Class have sustained damages, and if so, what is the proper measure of such damages;

  f. Whether Defendants willfully and unlawfully underpaid Plaintiffs and the class of similarly situated, even when they did pay a premium for overtime hours worked;

  g. Whether Defendants maintained a de facto, unlawful policy against paying overtime wages and prevented inside sales representatives from claiming or reporting all hours worked; and

  h. Whether Defendants permitted Plaintiff and all other similarly situated to suffer to work off the clock.

76. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a collective action.

**COUNT I**
**VIOLATION OF § 207 OF THE FLSA**

77. The foregoing paragraphs are realleged and incorporated as if fully set forth herein.

78. At all relevant times, Defendants employed Plaintiff and/or each member of the Putative Class of similarly situated, and continues to employ members of the Putative Class, within the meaning of the FLSA.

79. Upon information and belief, all inside sales representatives were paid under a common and similar compensation plan and scheme, comprised of a base hourly pay, in addition to being eligible for monthly commissions.

80. Defendants maintained a de facto policy and practice of refusing to pay overtime compensation to inside sales representatives for the hours worked in excess of forty (40) hours per week.

81. Defendants intimidated, coerced, and dissuaded insides sales representatives from reporting or claiming overtime hours for fear of scrutiny, discipline and management displeasure. Moreover, Defendants suggested, encouraged and even requested inside sales representatives to work more than forty hours per week to meet and exceed quotas, production goals, and metrics.

82. Defendants' management is well aware of employees working off the clock at the office and working more than forty (40) hours in a workweek, and does not discipline these employees for doing so.

83. Defendants do not instruct, order or command employees to leave at the end of their shift time. Defendants do not prohibit employees from performing work activities while off the clock or away from the office.

84. As a result of Defendants' unlawful pay practices complained of herein, throughout the three (3) year class period to the present, Defendants have stolen potentially several millions

of dollars or more in overtime wages from inside sales representatives, while permitting them to suffer to work off the clock, removing overtime hours and instructing employees to remove overtime hours from their time records.

85. Defendants knowingly and willfully failed to pay Plaintiff and all other members of the putative class, overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Defendants above and beyond forty (40) hours per workweek in violation of the FLSA, in particular 29 U.S.C. § 207.

86. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

87. Defendants are well aware that in order to meet goals, quotas and/or metrics, and to complete and perform their job duties to the expectations of Defendants, inside sales representatives must work more than forty (40) hours in a workweek routinely, and especially when they are falling short of sales goals.

88. Moreover, by the inherent nature of sales work, Defendants understand that the more hours inside sales representatives put in and work, the more likely they will produce more in sales revenue for Defendants and thus earn more commissions for the inside sales representatives.

89. Defendants engaged in a scheme to avoid paying overtime wages by inducing and misleading inside sales representatives into believing that they were salaried employees not eligible for overtime compensation.

90. Defendants knew that the inside sales representative position would result in employees working more than forty (40) hours routinely in order to meet goals, quotas, sales requirements and other performance metrics.

91. Defendants willfully failed and refused to pay Plaintiff and all other similarly situated inside sales representatives a premium for all overtime hours worked.

92. Defendants willfully failed and refused to pay Plaintiff and all other similarly situated inside sales representatives a premium for all overtime hours worked at the correct and lawful rate, thus, underpaying Plaintiff and all inside sales representatives even when they did pay overtime wages.

93. Upon information and belief, Defendants failed to include commissions earned in the determination of the regular rate and the overtime rate paid to all inside sales representatives, and thus willfully and with reckless disregard for the FLSA and DOL regulations, underpaid Plaintiff and all inside sales representatives even when they did pay a premium for overtime wages.

94. Defendants cannot and do not have a good faith basis under the FLSA for its willful actions and conduct of paying Plaintiff and all inside sales representatives less than the accurate, correct and lawful rates for overtime wages for all hours worked over 40 hours in each and every workweek.

95. Plaintiff and the class of similarly situated thus are entitled to, and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

96. Due to Defendants' willful FLSA violations, Plaintiff alleges on behalf of the members of the putative class that they have suffered damages and are entitled to recover from Defendants the unpaid and underpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each and every workweek, an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

97. Plaintiff and the class of similarly situated individuals have suffered financial harm and loss of monies owed to them as a direct and proximate result of Defendants' unlawful pay practices complained of herein.

**WHEREFORE** Plaintiff, LORRAINE FRANCIS prays for:

a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join this action as plaintiffs pursuant to §216(b); and that notice be sent to all past and present employees of PARTSBASE, INC. and ROBERT A. HAMMOND any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b. An order awarding attorneys' fees and costs pursuant to §216 of the FLSA;

c. That the Court find Defendants in violation of the overtime compensation provision of the FLSA and that the Court find that Defendants' violations of the FLSA were and are willful;

d. That the Court award Plaintiff Francis and the putative Class of all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours in each and every workweek at the rate of time and one half (1.5) their regular rate of pay during the past three (3) years, AND an equal sum in liquidated damages. In addition, interest on said award pursuant to §216 of the FLSA;

e. That the Court award Plaintiff Francis a collective action class representative fee or service award fee for her efforts and time dedicated to bringing justice through this action;

f. That the Court appoint Benjamin L. Williams, Esq. and the firm of Williams Law P.A. as class counsel in the FLSA collective action, and appoint Lorraine Francis

    as class representative for all those similarly situated with the authority to negotiate on all opt-in plaintiffs' behalf; and

g. That the Court award any other legal and equitable relief as this Court may deem appropriate, fair and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed May 11, 2021.

              Respectfully submitted,

              */s/Benjamin L. Williams*
              **Benjamin Lee Williams, Esquire**
              Florida Bar No.:  0030657
              WILLIAMS LAW P.A.
              464 Sturdivant Avenue
              Atlantic Beach, FL 32233
              Tel: 904-515-7840
              Email: bwilliams@williamslawjax.com
              *Attorney for Plaintiff and the class*
              *of similarly situated employees*